# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

DERRICK TOLIVER,

               Plaintiff,

      v.

CLACKAMAS COUNTY JAIL;
CORIZON HEALTH; SHARRON BRENNAN;
and MANDY,

               Defendants.

Case No. 3:16-cv-02034-PK

ORDER

PAPAK, Magistrate Judge.

Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action

pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the court are several matters.

## I. Service of Process on Defendants Corizon Health, Sharron Brennan, and Mandy

On December 22, 2016, this court issued a Notice of Lawsuit and Request for Waiver of

Service to Clackamas County Counsel. Counsel returned the Waiver accepting service of process

1 - ORDER -

on behalf of Defendant Clackamas County Jail, but declining to waive service on behalf of Defendants Corizon Health, Sharron Brennan, and Mandy.

Accordingly, the Clerk of the Court is DIRECTED to forward to plaintiff with this order three summonses and U.S. Marshal Instruction forms. Plaintiff shall complete the summonses and instruction forms for Defendants Corizon Health, Sharron Brennan, and Mandy, and return them to the Clerk of the Court. An original plus two copies of a summons must be returned for each named defendant.

Upon receipt of the completed summonses and instruction forms by the court, IT IS ORDERED that the Clerk shall issue process as to Defendants Corizon Health, Sharron Brennan, and Mandy. Service of the summons and complaint shall be made by the United States Marshal's Service.

## II. Plaintiff's "Motion to Have Court Investigator Take Photographs in Clackamas County Jail Q Block Shower Area" (ECF No. 3)

Plaintiff seeks an order to have a "court investigator" take photographs of the Clackamas County Jail shower area which Plaintiff alleges caused Plaintiff to suffer from asthma during his incarceration at the Jail. Plaintiff does not, however, provide any authority for the expenditure of court funds or the employment of a "court investigator" to undertake the action sought. To the extent Plaintiff's motion may be construed as a request for a court-appointed expert witness pursuant to federal Rules of Evidence Rule 706, the court finds such a request is not warranted at this stage of the proceedings. Accordingly, Plaintiff's motion (ECF No. 3) is DENIED.

## III. Plaintiff's Motion to Subpoena Medical Records (ECF No. 30).

Plaintiff seeks to subpoena his medical records in the custody of the Snake River Correctional Institution and the "Justice Center County Jail." To the extent the request is for medical records maintained by Clackamas County, Plaintiff's request is denied on the basis that he may obtain such records through discovery requests to Defendants pursuant to the Federal Rules of Civil Procedure.

To the extent Plaintiff seeks to subpoena medical records maintained by the Oregon Department of Corrections, the court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena *duces tecum* is required pursuant to Fed. R. Civ. P. 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," *Austin v. Winett*, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena *duces tecum* should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g., Davis v. Ramen*, 2010 WL 1948560, *1 (E.D. Cal. 2010); *Williams v. Adams*, 2010 WL 148703, *1 (E.D. Cal. 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa.1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Id.*

3 - ORDER -

Plaintiff has not specified what efforts he has undertaken, if any, to obtain copies of his medical records from the Oregon Department of Corrections. Instead, he simply states he "must pay a fee & also be out of jail." (ECF No. 30, p. 2). As such, plaintiff fails to show that he has attempted to obtain copies of his medical records by making a request directly to the Oregon Department of Corrections. Accordingly, plaintiff's request for a subpoena *duces tecum* is DENIED, without prejudice to his right to renew the motion upon a showing that his medical records are not otherwise obtainable.

## IV. Defendant Clackamas County Jail's Motions to Dismiss (ECF Nos. 20 and 33) and Plaintiff's Motion for Leave to Amend (ECF No. 36)

Defendant Clackamas County Jail moves to dismiss Plaintiff's Complaint and Supplement to Complaint on the basis that the "Clackamas County Jail" is not a legal entity or "person" subject to suit under 42 U.S.C. § 1983. In response to Defendant's motion, Plaintiff seeks leave of the court to file an Amended Complaint naming Clackamas County Sheriff Craig Roberts as a Defendant instead of the Clackamas County Jail.

Plaintiff's motion is GRANTED, and Defendant Clackamas County Jail's Motions to Dismiss are found MOOT. Plaintiff shall have until June 22, 2017, to file an amended complaint. Plaintiff is advised that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement. As such, Plaintiff must re-allege all of his claims against all of the named Defendants.

4 - ORDER -

**V.  Plaintiff's "Motion to Go to Trial" (ECF No. 34).**

Finally, Plaintiff filed a "motion to go to trial" indicating he is ready to "prove his case." Plaintiff's motion, however, is premature, as discovery has not yet been completed, and dispositive pretrial motions have not yet been adjudicated. Accordingly, Plaintiff's motion is DENIED.

## CONCLUSION

For these reasons, IT IS ORDERED as follows:

1.    The Clerk of the Court is DIRECTED to forward to plaintiff with this order three summonses and U.S. Marshal Instruction forms. Plaintiff shall complete the summonses and instruction forms for Defendants Corizon Health, Sharron Brennan, and Mandy, and return them to the Clerk of the Court. Upon receipt of the completed summonses and instruction forms by the court, IT IS ORDERED that the Clerk shall issue process as to Defendants Corizon Health, Sharron Brennan, and Mandy. Service of the summons and complaint shall be made by the United States Marshal's Service.

2.    Plaintiff's "Motion to Have Court Investigator Take Photographs in Clackamas County Jail Q Block Shower Area" (ECF No. 3) is DENIED.

3.    Plaintiff's Motion to Subpoena Medical Records (ECF No. 30) is DENIED.

4.    Plaintiff's Motion to Amend (ECF No. 36) is GRANTED, and Defendant Clackamas County Jail's Motions to Dismiss (ECF Nos. 20 and 33) are found MOOT. Plaintiff shall have until June 22, 2017, to file his amended complaint.

5 - ORDER -

5.	Plaintiff's "Motion to Go to Trial" (ECF No. 34) is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of May, 2017

Paul Papak
United States Magistrate Judge